## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Perry Allen McGuire | ) | |
| | ) | Case No. 2:17-cv-02458 |
| and | ) | |
| | ) | |
| Deborah Irene McGuire, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Capitol Federal Savings Bank, | ) | |
| | ) | |
| Serve President and CEO John B. Dicus at: | ) | |
| Capitol Federal Savings Bank | ) | |
| 700 S. Kansas Ave. | ) | |
| Topeka, KS 66603 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Equifax Information Services, LLC, | ) | |
| | ) | |
| Serve Registered Agent at: | ) | |
| Corporation Service Company | ) | |
| 2900 S.W. Wanamaker Dr., Suite 204 | ) | |
| Topeka, KS 66614 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Trans Union, LLC, | ) | |
| | ) | |
| Serve Registered Agent at: | ) | |
| Prentice-Hall Corporation System, KS, Inc. | ) | |
| 2900 S.W. Wanamaker Dr., Suite 204 | ) | |
| Topeka, KS 66614 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Perry Allen McGuire and Deborah Irene McGuire, by and through their attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq*., in their Complaint for Damages state and allege to the Court as follows:

## INTRODUCTION

This is an action for damages brought by individual consumers Perry Allen McGuire and Deborah Irene McGuire against Capitol Federal Savings Bank, Equifax Information Services, LLC, and Trans Union, LLC for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

## JURISDICTION AND VENUE

1.     Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

2.     Venue in this Court is proper in that each defendant transacts business in the state of Kansas and Kansas is where the injuries occurred.

## PARTIES AND SERVICE

3.     Perry Allen McGuire and Deborah Irene McGuire (hereafter "**Plaintiffs**"), are natural persons who, at all times relevant, reside in the State of Kansas.

4.     Defendant Capitol Federal Savings Bank, hereafter ("**Defendant CapFed**"), is a financial institution that regularly conducts business in Kansas, and may be served through its President and CEO John B. Dicus at 700 S. Kansas Ave, Topeka, KS 66603.

5.     Defendant Equifax Information Services, LLC, hereafter ("**Defendant Equifax**"), is a business entity that regularly conducts business in Kansas, and may be served through its

Registered Agent, Corporation Service Company, at 2900 S.W. Wanamaker Dr., Suite 204, Topeka, KS 66614.

6.    Defendant Trans Union, LLC, hereafter ("**Defendant TU**"), is a business entity that regularly conducts business in Kansas, and may be served through its Registered Agent, Prentice-Hall Corporation System, KS, Inc., at 2900 S.W. Wanamaker Dr., Suite 204, Topeka, KS 66614.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.    On June 25, 2012, Plaintiffs filed a Chapter 13 Bankruptcy in the District of Kansas as Case No. 12-21728-dls.

8.    The Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines was entered on June 29, 2012, showing both Defendant CapFed and Aqua Finance were sent notice of Plaintiffs' bankruptcy.

9.    The BNC Certificate of Mailing of the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines is attached as Exhibit A.

10.    Plaintiffs had a first mortgage on their residence with Defendant CapFed to whom Plaintiffs made their post-petition payments through their Chapter 13 Plan.

11.    The mortgage debt owed to Defendant CapFed was excepted from Plaintiffs' discharge.

12.    The pertinent pages of Plaintiffs' Chapter 13 Plan are attached as Exhibit B.

13.    Plaintiffs had a secured debt owed to Aqua Finance whose claim would be paid through their Chapter 13 Plan, and the balance treated as unsecured and discharged.

14.    The pertinent page of Plaintiffs' Chapter 13 Plan is attached as Exhibit C.

15.    Plaintiffs received their discharge on April 2, 2017.

16.     The Notice of Discharge of Debtor After Completion of Chapter 13 Plan was entered on April 6, 2017, showing both Defendant CapFed and Aqua Finance were sent notice of Plaintiffs' discharge.

17.     The BNC Certificate of Mailing of the Notice of Discharge of Debtor After Completion of Chapter 13 Plan is attached as Exhibit D.

18.     On May 19, 2017, Plaintiffs requested and reviewed their credit reports from Defendant Equifax, Experian and Defendant TU.

19.     Plaintiffs became aware that both Defendant CapFed and Aqua Finance were misreporting information on their credit reports.

20.     Defendant CapFed was reporting incorrectly to Defendant Equifax, Experian and Defendant TU that the mortgage debt was discharged through Plaintiffs' Chapter 13 Bankruptcy with $0 balance and no current payment history.

21.     The pertinent pages of Plaintiffs' incorrect credit reports are attached as Exhibit E.

22.     Aqua Finance was reporting incorrectly to Defendant Equifax with an outstanding balance of $1,310.

23.     The pertinent pages of Plaintiffs' incorrect Equifax credit reports are attached as Exhibit F.

24.     On or about May 25, 2017, Plaintiffs sent Disputes to Defendant Equifax, Experian and Defendant TU disputing the incorrect reporting in accordance with 15 U.S.C. §1681i.

25.      Copies of Plaintiffs' dispute letters are attached as Exhibit G.

26.     Defendant Equifax and Experian sent Automated Consumer Dispute Verifications ("ACDV's") to Defendant CapFed as required by 15 U.S.C. §1681i, but Defendant CapFed responded and verified the incorrect reporting.

27.     The pertinent pages of Plaintiffs' incorrect Equifax & Experian credit reports are attached as Exhibit H.

28.     Defendant Equifax failed to send an ACDV to Aqua Finance as required by 15 U.S.C. §1681i, and failed to properly correct the reporting internally.

29.     The pertinent page of Plaintiff Perry McGuire's incorrect Equifax credit report is attached as Exhibit I.

30.     Defendant TU failed to send ACDV's to Defendant CapFed as required by 15 U.S.C. §1681i, and deleted the mortgage account altogether from Plaintiffs' credit reports.

31.     The pertinent pages of Plaintiffs' incorrect Trans Union credit reports are attached as Exhibit J.

32.     Defendant CapFed's failure to conduct a reasonable investigation of Plaintiffs' account was a substantial factor causing Plaintiffs reduced credit scores, emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to their fresh start entitled under the Bankruptcy Code.

33.     Defendant Equifax and Defendant TU's failure to conduct reasonable reinvestigations of Plaintiffs' accounts was a substantial factor causing Plaintiffs reduced credit scores, emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in

order to tend to this matter, inconvenience and the hindrance to their fresh start entitled under the Bankruptcy Code.

34.     The inaccurate information negatively reflects upon Plaintiffs, Plaintiffs' credit repayment histories, Plaintiffs' financial responsibility as debtors and Plaintiffs' credit worthiness.

**COUNT I**
**DEFENDANT CAPFED**
**VIOLATIONS OF THE FCRA**

35.      Plaintiffs repeat, reallege and incorporate by reference each and every prior paragraph in this Complaint.

36.     Plaintiffs are both a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq.*

37.     Defendant CapFed qualifies as a "furnisher of information to credit reporting agencies" within the meaning of the FCRA.

38.     The FCRA prohibits furnishers of information to credit reporting agencies (hereafter "**CRAs**") to furnish information which is inaccurate, irrelevant, and improper, or which such furnishers have reason to believe is inaccurate.

39.     Delinquencies, account balances, and other repayment information on a loan is consumer report information to CRAs within the purview of the FCRA.

40.     The FCRA also provides privately enforceable duties where consumers may dispute the accuracy and completeness of information by initiating a reinvestigation through the CRAs. 15 U.S.C. § 1681i.

41.     After receipt of a disputed account from a CRA, a furnisher has a duty to reinvestigate and review the information provided and conduct its own investigation of the accuracy and completeness of the disputed information.

42.     The courts have consistently adopted the standard that the furnisher's reinvestigation must be evaluated under a reasonable investigation standard, which should be evaluated from a number of factors.

43.      The furnisher must consider the information communicated in or with the notice of dispute from the CRA. 15 U.S.C. § 1681i(a)(1)(A).

44.     In addition, the furnisher must also consider other information available to it, including earlier complaints or other communications received from the consumer before the reinvestigation ever began.  *Bruce v. First U.S.A. Bank*, 103 F.Supp.2d 1135 (E.D. Mo. 2000).

45.     It is important to keep in mind that the duties of furnishers of information imposed under § 1681s-2(b) are only triggered after the furnisher receives notice of a consumer's dispute from a CRA.  Regardless of which CRA notified a furnisher of information of a consumer dispute, a furnisher may have duties related to the other CRAs, such as reporting that information was found to be incomplete or inaccurate or modifying, deleting, or blocking the reporting of the information. *Tilley v. Global Payments, Inc.*, 603 F.Supp.2d 1314 (D. Kan., 2009).

46.     Any furnisher who fails to comply with the investigation requirements is liable to the consumer for statutory damages, the costs of litigation, and attorney fees. 15 U.S.C. § 1681o.

47.     If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages between $100 and $1000 per violation, for punitive damages, as well as for costs and attorney fees.  15 U.S.C. § 1681n.

48.     The standard for willful violation of the FCRA is reckless disregard, and that reckless disregard need not be knowing, intentional, premeditated, or malicious. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

49.     After receiving notice of Plaintiffs' dispute letters from Defendant Equifax and Experian, Defendant CapFed should have conducted an investigation and correctly updated the information reported, but failed to do so.

50.     As a result of the actions of Defendant CapFed, Plaintiffs suffered damages including reduced credit scores, emotional distress and frustration.

51.     The plain language of the FCRA's damages provisions permits Plaintiffs to recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681n(a)(1)(A).

52.     Further, minimum statutory damages between $100 and $1000 per violation, punitive damages, as well as the costs of the litigation and attorney fees are available when a furnisher willfully violates its duties under the FCRA. *Rodgers v. McCullough*, 296 F. Supp.2d 895 (W.D. Tenn. 2003).

53.     The purpose of the investigation is not simply to confirm that the credit reporting agency has recorded accurately the information initially furnished by the creditor, but also to determine in good faith the accuracy of the information itself in light of available information.

54.     Defendant CapFed knew it was required by law to have investigation procedures and protocols in place to conduct an investigation of Plaintiffs' account information and Defendant CapFed's failure and refusal to have proper procedures in place to conduct a reasonable investigation of Plaintiffs' accounts constitutes willful, conscious and reckless disregard for Plaintiff's rights, including those under the FCRA.

55.     Defendant CapFed's failure and refusal to conduct a reasonable investigation and correct the information Defendant CapFed is furnishing to Defendant Equifax and Experian concerning Plaintiffs' account constitutes a willful violation of the FCRA.

8

56.     Defendant CapFed fails and refuses to have the proper policies and procedures in place with regards to the credit reporting on accounts included in bankruptcy.

57.     This failure and refusal is compounded by Defendant CapFed's failure and refusal to have the proper policies and procedures in place to investigate and correct mistakes reporting to the credit reporting agencies and is willful, intentional and in conscious disregard of the rights of Plaintiffs and others justifying the imposition of punitive damages.

WHEREFORE, Plaintiffs pray judgment in their favor for damages as provided by the FCRA in such amount as fair and reasonable, for their actual damages incurred, for the imposition of punitive damages against Defendant CapFed in such sum as will deter Capitol Federal Savings Bank, and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## COUNT II
## DEFENDANT EQUIFAX
## VIOLATIONS OF THE FCRA

58.     Plaintiffs repeat, reallege, and incorporates by reference each and every prior paragraph in this Complaint.

59.      Plaintiffs are a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq.*

60.     Defendant Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a (f).

61.     The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a (d).

62.     Pursuant to 15 U.S.C. §1681n and §1681o, Defendant Equifax is liable to Plaintiffs for engaging in the following conduct:

a.   Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the disputes from Plaintiffs in violation of 15 U.S.C. §1681i(a);

b.   Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiffs' disputes to Aqua Finance, in violation of 15 U.S.C. §1681i(a);

c.   Willfully and negligently failing to provide all relevant information provided by Plaintiffs regarding the disputes of the inaccurate information to Aqua Finance, in violation of 15 U.S.C. §1681i(a);

d.   Willfully and negligently failing to review and consider all relevant information submitted by Plaintiffs concerning the disputes of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

e.   Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the disputes from Plaintiffs; and

f.   Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports, information and files, in violation of 15 U.S.C. §1681e(b).

63.   Defendant Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendant Equifax is liable to Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiffs pray judgment in their favor for damages as provided by the

FCRA in such amount as fair and reasonable, for their actual damages incurred, for the imposition of punitive damages against Defendant Equifax in such sum as will deter Equifax Information Services, LLC and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

**COUNT III**
**DEFENDANT TU**
**VIOLATIONS OF THE FCRA**

64.     Plaintiffs repeat, reallege, and incorporates by reference each and every prior paragraph in this Complaint.

65.     Defendant TU is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

66.     The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

67.     Pursuant to 15 U.S.C. §1681n and §1681o, Defendant TU is liable to Plaintiffs for engaging in the following conduct:

a.   Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the disputes from Plaintiffs in violation of 15 U.S.C. §1681i(a);

b.   Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiffs' disputes to Defendant CapFed, in violation of 15 U.S.C. §1681i(a);

c.   Willfully and negligently failing to provide all relevant information provided by Plaintiffs regarding the disputes of the inaccurate information to Defendant CapFed, in violation of 15 U.S.C. §1681i(a);

d.   Willfully and negligently failing to review and consider all relevant information submitted by Plaintiffs concerning the disputes of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

e.   Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the disputes from Plaintiffs; and

f.   Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports, information and files, in violation of 15 U.S.C. §1681e(b).

68.   Defendant TU's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendant TU is liable to Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiffs pray judgment in their favor for damages as provided by the FCRA in such amount as fair and reasonable, for their actual damages incurred, for the imposition of punitive damages against Defendant TU in such sum as will deter Trans Union, LLC and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Perry Allen McGuire and Deborah Irene McGuire respectfully request this Court award the following:

a.   Actual Damages;

b.   Statutory Damages for each violation of the FCRA;

c.      Punitive Damages;

d.      Costs and reasonable attorney's fees pursuant to the FCRA;

e.      Correction of all misreported information on Plaintiffs' Equifax, Experian and Trans Union credit reports; and

f.      For such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiffs demand a trial by jury in this action.

Respectfully submitted,

/s/ Chelsea S. Springer
Chelsea S. Springer #20522
The Law Offices of Tracy L. Robinson, LC
818 Grand Boulevard, Suite 505
Kansas City, MO  64106
Phone:  (816) 842-1317
Fax:      (816) 842-0315
chelseas@tlrlaw.com
Attorney for Plaintiffs